UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN C. THOMPSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:19-CV-2355-SNLJ<br>) |
| FEDERAL BUREAU OF<br>INVESTIGATION, | )<br>)<br>) |
| Defendant. | )<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Kelvin C. Thompson's[1] motion for leave to proceed in forma pauperis and submission of a civil complaint. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or fails to state a claim upon which relief may be granted, among other reasons. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v.*

---

[1] This action is one of 14 that plaintiff has brought in forma pauperis in this Court in less than two months. The other cases are: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, No. 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ (filed Jul. 24, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metropolitan Police Dept.*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, No. 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Cool Valley Police Department*, No. 4:19-CV-2309-JAR (filed Aug. 6, 2019); and *Thompson v. Harrison*, No. 4:19-CV-2312-HEA (filed Aug. 7, 2019). All of the foregoing cases have been dismissed pursuant to 28 U.S.C. § 1915.

*Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action against the Federal Bureau of Investigation ("FBI"). In the complaint and in a supplemental document, plaintiff alleges he filed numerous cases in this

Court "to establish proof of criminal collusion, civil rights violations and conspiracy engineered by FBI and assisted by local law enforcement." He alleges a District Judge of this Court signed dismissal orders in a case that was assigned to a Magistrate Judge. He alleges some of his cases were dismissed contemporaneously and/or shortly after he filed them, and that some orders contained the same wording and cited the same reason for dismissal. He concludes this proves "criminal collusion, case tampering and civil rights violations" and "criminal abuse of the justice system." He seeks "$100,000 actual and $1,000,000 dollars punitive."

## Discussion

As noted above, a court must dismiss a complaint filed in forma pauperis if it is frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir. 1992). In the context of factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. Factual contentions are clearly baseless if they are fanciful, delusional or fantastic, and "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Here, plaintiff alleges he is the target of an elaborate conspiracy engineered by the FBI, and that the manner in which his numerous and interrelated prior cases were handled proves that. These allegations are clearly baseless under the standard set forth in *Neitzke and Denton*. Therefore, the Court concludes the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This Court must also dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief may be granted. When reviewing a complaint filed in forma pauperis, a court must accept well-pleaded facts as true, and make all reasonable inferences in plaintiff's favor. *Jones v. Douglas Cty. Sheriff's Dep't,* 915 F.3d 498, 499 (8th Cir. 2019). However, the Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.* 280 F.3d 868, 870 (8th Cir. 2002).

Here, plaintiff has failed to state a claim upon which relief may be granted against the FBI. Plaintiff merely offers his unsupported conclusion that the FBI engineered a conspiracy against him, and he complains about the manner in which his cases were handled and implies that proves the conspiracy's existence and the defendant's culpability. However, this Court is free to ignore plaintiff's unsupported conclusions, and will not draw unwarranted inferences. *See id.* Even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286. The Court concludes that plaintiff has failed to plead facts permitting the reasonable inference that the defendant is liable for the alleged misconduct. Therefore, the complaint is also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, this case is one of 14 interrelated cases that plaintiff has filed in forma pauperis in this Court since July 11, 2019. Plaintiff has repeatedly alleged he is the target of an elaborate conspiracy, and is being constantly surveilled and harassed. All 13 of plaintiff's prior cases were dismissed for one of the reasons set forth in 28 U.S.C. § 1915(e), and the case at bar will be dismissed for such reasons as well. It is well settled in the Eighth Circuit that this Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *See Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998). This includes the

discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

In *In re Tyler,* 839 F.2d 1290, 1292 (8th Cir. 1988), the Eighth Circuit recognized that district courts may use their discretion to place reasonable restrictions on a litigant who is found to have abused the judicial process, including providing limitations or conditions upon the filing of future suits. The Court recognized that there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious," and "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Id.* In *Tyler,* the Eighth Circuit affirmed the district court's sua sponte determination that the plaintiff should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process.

Here, the Court determines that plaintiff's repeated filing of frivolous and interrelated lawsuits amounts to abuse of the judicial process. Plaintiff is advised that if he continues to abuse the judicial process, the Court may use its discretion to impose reasonable restrictions, including limiting the filing of future suits and restricting his ability to proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

5

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of August, 2019.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE